The next case on the calendar is Lee-Walker v. New York City Department of Education. Good morning, Stephen Berkstein for the plaintiff appellant. The plaintiff's lesson on the Central Park Five was protected speech under the First Amendment, even though it was delivered in the course of classroom instruction. There's a threshold issue for this appeal, which is what cases do we rely on in resolving this dispute? What law governs this case? This is not a Garcetti case. This is a case to be governed under this circuit's precedent in Solano v. Sag Harbor, which itself draws from Supreme Court authority. Hazelwood, if we accept that this is a Solano case, then we have to accept that this case has to be resolved under a multi-factor balancing test, which cannot be resolved under Rule 12, at least not on these facts, because defendants concede that plaintiff was allowed to teach this subject area to her students, so she didn't deviate from the curriculum and do something she shouldn't be doing. If we accept that and we read the complaint, the complaint does not concede that plaintiff did anything wrong in instructing her students. Your argument is not that when Solano or Hazelwood analysis needs to be undertaken, that can never be resolved by summary judgment. That's correct. Many cases are resolved on the papers because the teacher does something completely inappropriate, but that's not this case, so we don't concede in the complaint that Lee Walker did anything wrong, and the ones who did something wrong were the supervisors when they did the evaluation and said, well, this is not balanced. The kids might riot based on factors or things they don't even understand. Under Solano, that's a political objection to her belief was inappropriate. I guess it's an open question in the circuit, but why isn't this a speech that falls within Garcetti? I mean, it would be one thing, hard to say, if she'd spoken about the Central Park 5 case at a community board meeting or a police community function or the city council hearing. That's one thing, but when she's standing in front of her class and teaching ninth graders, that's what she's paid to do. Well, you mentioned it's an open question in the circuit. I think the better way of saying it is that Solano's never been overturned, and Garcetti doesn't wipe away all employee speech cases that came before it, and there is a tendency to treat public employee speech cases that way, but Garcetti said we're not addressing academic classroom speech. So if defendants are correct that this is a Garcetti case, then probably 99% of everything a teacher says in the classroom has no constitutional protection. That can't be the law. You know, this is not a case where somebody works for the town or the county and they speak up. This is not, literally, not a Garcetti case. This is not the speech that was at issue in Garcetti in most of the other employee speech cases, and the Supreme Court in Lane v. Franks said that the speech in that case was far afield from the speech in Garcetti. So Garcetti has been cabined somewhat by the Supreme Court in Lane, but more importantly, this circuit has never repudiated the reasoning in Solano, and for defendants to prevail in this case, this Court would probably have to say Solano is no longer good law. Now, as a matter of policy, I know we don't often get into issues of policy, but when we're confronted with a choice like this, bear in mind that teachers are not teaching simply reading, writing, and arithmetic. They're talking to the students. They do it every day. They did it when I was a kid, and they're doing it now, and they do have a relationship with students about the world and what's going on and the election and things that are happening. You can't allow vice principals to stick their head in and say, I don't like what you said because it disagrees with my political views. You're fired. That's not what was said according to the complaint here. Well, what was said here was even worse. What he said was your students might riot based on what you're telling them about the Central Park Five. That's completely inappropriate. These are ninth grade kids. They're not going to riot. The complaint asserts, and we accept as true, that she taught a fair lesson. So for the vice principal to say that is out of bounds, and it doesn't satisfy Solano, and we don't want to live in a world- Shouldn't we view, obviously we should view this in light most favorable to your client, but one way of viewing what was said by the school officials is we want you to provide some balance. That's ultimately what was recommended. Is that correct? That's what he said, but we don't concede that she was not teaching a balanced class, and we can't grant- Well, I understand that. I understand her side, but I am looking at what was said by the official, and my job under Solano, at least, if we agree that that's the appropriate analysis, is to determine whether that was reasonably related to legitimate pedagogical concerns, and whether there's really no other way to view the exchange, insofar as we're talking about the outside of the classroom exchange, as anything other than related to pedagogical concerns about balance. But that assumes that the vice principal's assessment was true, and we don't know that because the complaint doesn't concede that. Now, in discovery, we would give sworn testimony on what she said, and how the vice principal perceived it, and what the lesson plan said, and what her materials looked like, but we're not there yet. It's conceivable that a vice principal would be within his bounds to object on that basis in some factual context that's not before us today, but what's before us today is that she didn't do anything wrong, and the complaint says that, and the vice principal is the one who did something wrong by making a political objection that seems out of bounds under any balancing test that we might follow under the First Amendment. Is it your interpretation, you said at the start of your argument that Solano doesn't mean that there are not cases where you can decide it on a 12B6 motion, this is just not one of them, I understand your argument about that, but wouldn't a lot of cases you couldn't resolve at the pleading stage, so whenever there's a dispute between a teacher and an assistant principal about the content of a class, unless, as you say, it's egregious conduct on its face, you're going to have to go into discovery on a First Amendment argument in your interpretation of Solano. Isn't that right? That could be true, depending on what's in the complaint. I notice, and I'm sure this Court is aware, that in many of these cases, the teacher loses under Rule 12, a summary judgment, because they do something that's completely inappropriate, and that's not the case before us. Thank you. Good morning, Your Honors. May it please the Court. I wanted to open with qualified immunity because that wasn't discussed, and in some ways it's sort of the most obvious issue here, in that it's not disputed that the applicability of Garcetti to classroom instruction was an open question at the time of the instruction given here in November of 2013. Would qualified immunity deal with all of the issues before us, and all of the appellees? It would, Your Honor, because it would take the individual defendants out, and the only basis for liability against the Department of Education has to be direct liability under Monell. It can't be responding at Superior. And their Monell claim, I mean, they defend it a little bit, and they're probably brief, but it says, in New York City, you know, DOE acting pursuant to its own practice, customs, and policies in terminating plaintiff's employment pursuant to the recommendations made by the individual defendants. Then they have another point in their proposed amended complaint where they said that DOE has a policy and practice of adopting the termination recommendations made by high-ranking educational authorities in each school building. In other words, the principals can terminate somebody. That's classic responding at Superior. I mean, they're not talking about a policy, custom, or procedure here. There's nothing uncustomary. That would also deal with, in your view, the Department of Education? Correct. So that would resolve the case for that reason. And again, you know, it's, and I think just to touch on the merits of qualified immunity a little bit further, it wasn't only an open question in the Second Circuit. At the time, November 2013, the only circuits that had definitively decided whether Garcetti applies to classroom instruction in a secondary or primary school setting had all come out and said that it does, the Seventh Circuit, the Sixth Circuit, the Ninth Circuit. There was no circuit that had gone the other way. I mean, so clearly this was a reasonable school official could have believed that they were absolutely within their rights in believing that they had the authority to discipline somebody if they did not teach it in that manner. And especially bearing in mind here that it wasn't even a situation by Ms. Walker's own allegations that they were saying teach it this way. They were just saying you have to teach both sides of it. That's all that is alleged in the complaint with respect to that. And to turn to the Solano issue, I think the fact that she says, oh, I don't agree with them, is not relevant there. And as I think, as Your Honor pointed out, there's a risk that if you take that, you're going to constitutionalize every time there is a dispute between a supervisor and a teacher about how to teach a class. Are you reading the complaint? I'm not sure you're reading the complaint in the light most favorable to the plaintiff in asserting it can be resolved at the 12B6 stage under Solano. I mean, she says that her lesson was balanced, and she's told it has to be way more balanced. She said you can't students with a lesson like this. And she's saying she was giving a balanced presentation of the case. How can you resolve that on the pleadings as to whether the assistant principal was acting in accordance with a reasonable pedagogical motive? Because I think it's a question of application that the concerns are not, as alleged, are not resolved. Thank you, Your Honors. Just a brief word about qualified immunity. I know other circuits have said different things, but our circuit is the only circuit that matters for qualified immunity purposes, and we know what case governs on this issue. You know, there was an analysis in Lane v. Franks on qualified immunity that was very interesting. Justice Sotomayor said the only reason there was qualified immunity was because the law was all over the place in the Eleventh Circuit, but that if the law wasn't all over the place in the Eleventh Circuit, the plaintiff would not have a qualified immunity objection. That's sort of what we have here. We have preexisting precedent. It's not all over the place, and so the defendants don't have a qualified immunity argument. I mean, Solano. Solano. And we don't have conflicting decisions, precedental decisions in the Second Circuit on this issue, unlike what was happening in Lane v. Franks. Thank you. Do you agree that if we disagree with you, then that would resolve the entire case? Well, that opens up another line of questioning. I'm certainly on much firmer ground if this Court says Solano is still the law of the land in the Second Circuit. Without Solano, we have Hazelwood. It's a matter of qualified immunity. If the individuals are entitled to qualified immunity, then what? Then we can't go after the individuals. Then there's the issue of the equitable relief that we sought when we moved to amend the complaint, which defendants didn't oppose. There was that appendix. So they sort of conceded that we could assert a claim for reinstatement and front pay matters which are not affected by qualified immunity. So your view is that that would not resolve the entire case? Correct. Thank you. Thank you both. We'll take it under advisement.